UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Lynette Rachal, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-10-1946 |
| | § | |
| Michael J. Astrue, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

### 1.    Introduction

The question is whether substantial evidence supports the commissioner's decision that Lynette Rachal is not disabled under the Social Security Act.  It does.

### 2.    Standard of Review

Rachal brought this action for judicial review of the commissioner's final decision to deny her disability benefits.  *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision.  This level of proof requires that a reasonable mind would accept the evidence as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned because it would be arbitrary, failing the requirement that governmental process be regular. U.S. Const. amend. V.

### 3.    Statutory Criteria

The law outlines a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant

is not disabled unless her impairment is medically severe and has lasted for at least twelve months.  Third, a claimant is not disabled unless one of her severe impairments is listed in appendix I of the regulation.  Fourth, if the impairment is not listed in the regulation, the commissioner will consider the effect of the claimant's impairments on her capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy.  20 C.F.R. § 404.1520(a) (2003).

4.      *Evidence*

A. *Background*

Rachal is a 44-year-old woman who says she is impaired by severe back pain, depression, hypertension-related headaches, bladder tumors, and tendinitis in her wrist.  She says pain from the physical ailments and her major depression cause her to stay in bed all day.

Rachal has an eleventh-grade education and worked as a railroad dispatcher until she lost her job.  When she applied for social security on December 31, 2007, she said that her disability started on December 1, 2007.  The Social Security Administration held a hearing on May 19, 2009.

The hearing officer found that Rachal is not disabled because she can still perform unskilled sedentary jobs, including surveillance monitor, optical goods worker, and sorter, with limitations on time spent sitting and standing.

B. *Application*

The hearing officer properly found that Rachal was not disabled.  The process was correctly followed.

First, Rachal has not been gainfully employed.

Second, the hearing officer found she was severely impaired for more than twelve months with depression and with discogenic and degenerative disorders of the spine.  The officer also properly determined Rachal's bladder tumors, hypertension-related headaches, and tendinitis were not severe impairments. Although medical records from Rachal's primary care physician  and the government's consulting doctors indicate she has complained of pain from these conditions, the records also show they have been treated with surgery or medicine.

Third, these severe impairments did not meet those listed in the regulation.  Her spinal

disorder showed no evidence of nerve root compression, and her depression did not impair her daily functioning enough to qualify as a disability.

Fourth, the officer correctly determined Rachal could not perform her past work because of her diminished physical and mental abilities.

Fifth, the officer considered the combined effects of her impairments and properly decided Rachal had the ability to work at an unskilled sedentary job. He found Rachal could occasionally lift ten pounds and frequently lift five pounds. Using Rachal's June 2008 psychiatric examination, the hearing officer found her mental impairment limited her to simple instructions and tasks with little public or employee contact. The hearing officer considered Rachal's prescription medicines in discussing her level of impairment from back pain and depression. He also assessed the effect of Rachal's obesity on her ability to perform routine work activities. In his examination of a vocational technician at the hearing, the officer's hypothetical questions included all of Rachal's impairments that the officer found credible. Given those impairments, the vocational technician said Rachal could earn income in unskilled sedentary positions, such as surveillance monitor, optical goods worker, or sorter.

The hearing officer based his conclusions partly on Rachal's credibility. He gave little weight to testimony by Rachal and her mother about the limiting effects of Rachal's pain because it conflicted with medical evidence. Their hearing testimony about Rachal's inability to get out bed or to hold a spoon was inconsistent with medical evaluations that found Rachal could lift up to twenty pounds and sit for extended periods. Rachal's widely intermittent medical treatment also lessened the credibility of testimony about the intensity of her pain. Rachal said she did not seek medical treatment because she could not afford it, but she still had not received financial assistance for health services almost two years after she claimed disability.

Finally, the hearing officer applied the correct legal standard in not separately evaluating Rachal's ability to maintain employment. Usually, the ability to maintain employment is considered in conjunction with a claimant's ability to obtain employment. *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). The hearing officer is required to explicitly evaluate a claimant's ability to maintain work in cases of severe mental impairment interspersed with symptom-free periods. *Singletary v. Bowen*, 798 F.2d 818, 821-22 (5th Cir. 1986).

The record shows no significant difference between Rachal's ability to obtain work and her ability to maintain work. Rachal did not suggest she can work for short periods. Instead she

claimed her degenerative disc disorder and depression keep her from working at all.  Rachal's obesity is a treatable condition.

5.      *Conclusion*

The commissioner's decision in denying Lynette Rachal's claim for disability insurance is supported by substantial evidence and will be affirmed. Lynette Rachal will take nothing from Michael J. Astrue.

Signed on September 20, 2011, at Houston, Texas.

Lynn N.  Hughes
United States District Judge